UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

VINCENT MAGGULLI, JR., *Executor of the Estate of Vincent A. Maggulli, Sr.*,

                        Plaintiff,

                        Case # 24-CV-6398-FPG

v.

                        DECISION AND ORDER

KEVIN QUINN, M.D., et al.

                        Defendants.

In April 2021, Vincent A. Maggulli, Sr. brought the present action in state court. ECF No. 1-1 at 7-8. He sued Defendants Kevin Quinn, M.D., and Jeffrey Brewer, M.D., for medical malpractice in connection with treatment he received through the United States Veterans Administration. *See id.* In September 2022, Vincent A. Maggulli, Sr., passed away, and his son, as executor of his estate, was substituted as the plaintiff. *Id.* at 183, 210-11. On June 24, 2024, Defendants removed the matter to this court. ECF No. 1. Concurrently, Defendants filed a motion in which they seek the following relief: (1) substitution of the United States in their place as the proper defendant; and (2) dismissal of the complaint without prejudice for Plaintiff's failure to exhaust his administrative remedies. *See* ECF No. 2. Plaintiff opposes the motion and cross-moves for an order pertaining to the timeliness of his anticipated administrative proceedings. ECF No. 6. Defendants oppose the cross-motion. ECF No. 8. For the reasons that follow, Defendants' motion is GRANTED, and Plaintiff's cross-motion is DENIED without prejudice.

The Court begins with Defendants' motion and concludes that substitution is appropriate. "Under the Westfall Act, the United States may remove a state court civil case against a federal employee to federal court and substitute itself as the proper party defendant upon certification by

the Attorney General that the employee was acting within the scope of her employment at the time of the alleged claim." *Bowles v. United States*, 685 F. App'x 21, 23 (2d Cir. 2017) (summary order). "The certification is subject to *de novo* judicial review, and the district court may strike such certification to the extent it finds that the defendant employee was not in fact acting within the scope of her employment." *Id.* Where a plaintiff challenges the certification, the Attorney General's certification is treated as "*prima facie* evidence that the employee was acting within the scope of his employment." *Id.* at 24 (internal quotation marks omitted). "To rebut the certification and obtain discovery, a plaintiff must allege sufficient facts that, taken as true, would establish that the defendant's actions exceeded the scope of his employment." *Wuterich v. Murtha*, 562 F.3d 375, 381 (D.C. Cir. 2009) (internal quotation marks and brackets omitted).

Consistent with the statutory requirements, Trini E. Ross, then the U.S. Attorney for the Western District of New York,[1] executed a certification dated June 17, 2024, stating that "based upon the information currently available, she is of the opinions that [Defendants] were acting within the scope of their employment as employees of the Department of Veterans Affairs with respect to the claims alleged in the Complaint." ECF No. 2 at 8. Plaintiff has not come forward with any specific evidence, or even an articulated theory, in an attempt to rebut the Ross's certification. While Plaintiff calls the certification "equivocal," ECF No. 6-1 at 1, even a "conclusory and sparse" certification constitutes "presumptive proof unless and until the plaintiff disproves it." *Gonzalez v. Univ. Med. Ctr. of S. Nev.*, No. 21-CV-2238, 2022 WL 2373671, at *2 (D. Nev. June 30, 2022); *see also De Martinez v. Lamagno*, 515 U.S. 417, 421 (1995) (noting that it is "customary" for a certification to include "no reasons for the U.S. Attorney's scope-of-

---

[1] The Attorney General has authorized United States Attorneys to make the statutory certification on his or her behalf. *See* 28 C.F.R. § 15.4(a).

employment determination"); *Gilmore v. Mississippi*, 905 F.3d 781, 786-87 (5th Cir. 2018) (rejecting the argument that a certification should be disregarded because it was "vague and wholly conclusory"). At most, Plaintiff asserts that he needs discovery before he can raise a proper challenge on the scope-of-employment issue. *See* ECF No. 6-1 at 2-3; ECF No. 6-2 at 2. But mere speculation that the certification *could* be incorrect is insufficient to justify even limited discovery; some theory of non-employment is necessary to warrant further inquiry into the certification. *See Wlosinski v. Smith*, No. 17-CV-6865, 2018 WL 1827671, at *2 (W.D.N.Y. Apr. 17, 2018); *Wuterich*, 562 F.3d at 386 ("Discovery . . . by intuition or pursuant to a witch hunt[] simply has no place in a Westfall Act absolute immunity case."). Accordingly, by virtue of the unchallenged certification, the United States must be substituted as the proper defendant in this action. *See Smith*, 2018 WL 1827671, at *2-3.

With that issue resolved in Defendants' favor, the parties agree that dismissal without prejudice is warranted because Plaintiff failed to exhaust his administrative remedies. *See* ECF No. 6-1 at 1; *see also Stevens v. States*, No. 23-CV-1009, 2024 WL 4751694, at *3 (W.D.N.Y. July 11, 2024) ("[W]hen a plaintiff brings a lawsuit before he has fully exhausted his administrative remedies, the proper course of action is for the district court to dismiss the claims without prejudice to allow the litigant to institute a separate new action once exhaustion has been completed." (internal quotation marks omitted)). Consequently, Defendants' motion is granted in its entirety.

In his cross-motion, Plaintiff expresses concern about the timeliness of pursuing administrative claims at this point. He therefore asks the Court to conclude that any such administrative claims should be timely filed based on equitable tolling principles. *See* ECF No. 6-2 at 3-4. The Court declines that request. It would be premature for the Court to address issues of timeliness or equitable tolling before the resolution of the administrative proceedings. *See Bueno*

*v. Sheldon*, No. 99-CV-10348, 2000 WL 565192, at *4 n.4 (S.D.N.Y. May 9, 2000) ("It is premature for this Court to rule upon the timeliness of an administrative claim that the plaintiffs have yet to file and the agency has yet to deny."); *see also Afolabi-Brown v. Coombs*, No. 18-CV-1409, 2019 WL 1331039, at *4 n.3 (D.D.C. Mar. 25, 2019). Plaintiff can renew his argument at the appropriate juncture.

Accordingly, Defendants' motion (ECF No. 2) is GRANTED. The Clerk of Court is directed to substitute the United States in place of Defendants Kevin Quinn, M.D., and Jeffrey Brewer, M.D. This action is dismissed without prejudice. Plaintiff's cross-motion concerning timeliness (ECF No. 6) is DENIED without prejudice. The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated: March 4, 2025

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York